IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL J. PEARLMAN,

    Plaintiff,

vs.                                         No. CIV 00-0171 MV/RLP

THE HONORABLE GARY E. JOHNSON,
Governor of the State of the State of
New Mexico,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Complaint for Writ of Mandamus filed February 11, 2000 **[Doc. No. 1]**. The Court, having considered the moving papers, relevant law, and being otherwise fully informed, finds that the Petition is not well taken and will be **DENIED** and the Plaintiff's Complaint will be **DISMISSED**.

## BACKGROUND

Plaintiff Daniel J. Pearlman is a registered voter of the State of New Mexico and was a candidate for Governor of New Mexico in 1998. Mr. Pearlman claims that the New Mexico primary election laws[1] and Governor Johnson's proclamation calling for an election on June 6, 2000 limit his right to vote as he chooses in the New Mexico primary elections. Mr. Pearlman asserts that the laws

---

[1] N.M. Stat. Ann. § 1-12-7 (Michie 1978) provides, in part:

    B.     No person shall vote in any primary election whose party affiliation is not designated on his original certificate of registration.
    C.     No person at any primary election shall be permitted to vote for the candidate of any party other than the party designated on his current certificate of registration.

and the proclamation infringe on his First Amendment right to freely associate by limiting or denying Pearlman's vote in accord with his political ideology; that they violate Mr. Pearlman's Fourteenth Amendment right to equal protection by limiting his vote in an election; and that they infringe on rights guaranteed by the New Mexico Constitution. The primary election necessarily affects the outcome of the general election to a large extent. It is for this reason, Mr. Pearlman argues, that it is imperative that the primary election be free and open without regard to political affiliation when a voter is otherwise qualified by virtue of citizenship, residency and age. Mr. Pearlman petitions this Court for a Writ of Mandamus to Governor Gary E. Johnson to call a special legislative session to change the laws of New Mexico to allow for an open election for the June 6, 2000 primary.

On February 1, 2000, Mr. Pearlman filed a petition for a Writ of Mandamus with the New Mexico Supreme Court, stating allegations identical to those before the Court today. On February 8, 2000, the New Mexico Supreme Court denied the petition. Mr. Pearlman filed the present Complaint for Writ of Mandamus with this Court on February 11, 2000.

## ANALYSIS

Because time is of the essence in this matter, and the State of New Mexico has not yet filed response, the Court *sua sponte* has undertaken an analysis of whether this Court has jurisdiction.

It has long been established that federal courts do not have subject matter jurisdiction to review what is essentially an appeal from a state court for a constitutional claim falling under 42 U.S.C. § 1983. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998). This is true even when the party who lost in state court claims that the state court judgment itself violates the loser's rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994).

State courts are courts of general jurisdiction and have the authority to rule on federal constitutional claims. While federal district courts also have jurisdiction to review federal constitutional claims, they do not have the authority to reverse a valid state court judgment.

Even if this Court had jurisdiction to review Mr. Pearlman's claim, it is clear that Mr. Pearlman is not entitled to the relief he requests. A court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)*; H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989).

New Mexico's primary, in which a voter may only vote for candidates designated with his or her same party affiliation, is commonly known as a closed primary. Some of the criticisms of closed primary systems are well documented. Voters and states alike have argued that the closed primary system gives undue political power to party members and loyalists such that voters in the general election are forced to choose between partisan candidates who are not representative of the majority of the electorate. *See California Democratic Party v. Jones*, 984 F. Supp. 1288, 1302 (E.D. Cal. 1997). This process, in turn, may lead to legislative impasse and may alienate the electorate from the political system. *Id.* On the other hand, opponents of open and blanket primaries[2] argue that political parties are autonomous organizations which are entitled to determine their membership, select their leaders and determine their positions. *Id.* at 1293; *see also Tashjian v. Republican Party of*

---

[2]States have various alternatives to the traditional or closed primary system. An "open" primary is one in which a registered voter may choose to vote in any one party's primary. A "blanket" primary is one in which voters may vote for any candidate regardless of party. *See California Democratic Party,* 984 F. Supp. at 1291.

3

*Connecticut*, 479 U.S. 208, 214 (1986) (explaining that the First and Fourteenth Amendments protect the right of partisan political organizations to engage in association for the advancement of beliefs and ideas).

However, the question Mr. Pearlman raises is whether New Mexico's primary election laws unconstitutionally injure his right to vote in New Mexico's primary elections. Mr. Pearlman claims that his First Amendment rights are injured because he is denied the right to freely associate by limiting or denying his vote in accord with his political ideology. Mr. Pearlman also argues that his Fourteenth Amendment rights are violated by denying or limiting his vote in an election generally, depriving him of the equal protection of the laws. Finally, Pearlman seems to argue that the New Mexico laws deprive him of the ability to influence the general election.

These precise issues were addressed in *Nader v. Schaffer*, 417 F.Supp. 837 (D. Conn. 1976). The court held that the constitutionally protected associational rights of members of a political party, which is a voluntary association instituted for political purposes with the goal of effectuating the will of its members, are vitally essential to the candidate selection process and that the plaintiffs' First and Fourteenth Amendment rights were not unconstitutionally burdened by a closed primary. *Id.* at 844, *citing Cousins v. Wagoda*, 419 U.S. 477, 487 (1975). The United States Supreme Court agreed and affirmed the trial court's decision summarily. *Nader v. Schaffer*, 429 U.S. 989 (1976).

While it is true that primary elections narrow the choices that voters have for the general election, Mr. Pearlman cannot claim a right to influence a party's nomination of the candidate that is most faithful to that party's policies and philosophies. *See Ziskiz v. Symington*, 47 F.3d 1004, 1006 (9th Cir. 1995). While the *party's* freedom of association is implicated in Mr. Pearlman's arguments, his own is not. Mr. Pearlman retains the right to associate with whichever party he chooses.

Furthermore, as the Ninth Circuit noted in *Ziskis*, as it considered the very same issue presented here, even if the independent voter chooses not to associate, by not enrolling in a party, his or her right to vote in the general election is unaffected. *Id.* Although primary elections are necessarily closely regulated by the state and often enjoy substantial funding by the state, primaries are activities of independent political parties. *See Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997).

The Supreme Court has found that political organizations and parties may not effectively deny a person his or her right to vote in a primary based on race, color, or previous condition of servitude based on the Fifteenth Amendment. *See, e.g., Terry v. Adams*, 345 U.S. 461, 470 (1953). However, Mr. Pearlman's contention is that he is denied the right to vote as he chooses in the primary because he is not a member of the party of the candidate or candidates he wishes to vote for and he believes that he should be entitled to participate in the primary without regard to his party affiliation. Of course, if Mr. Pearlman feels an ideological affinity for a political party and is a member of that party, he may vote in that party's primary. Furthermore, he may vote for any candidate on the ballot in the general election that ultimately determines who is elected to office. Mr. Pearlman's right to associate with a candidate in the primary election is only limited by his choice not to associate with a particular political party. Similarly, Mr. Pearlman's equal right to cast a vote to affect who will be a candidate encounters only minimal infringement since he need only indicate that party on his voter registration application in order to cast his vote. *See Ziskis*, 47 F.3d at 1006, *citing Nader* 417 F. Supp. at 149. Courts jealously guard the individual's right to vote as well the right to cast an effective vote. *See, e.g.*, *Communist Party of Indiana v. Whitcomb*, 414 U.S. 441, 449 (1979). However, New Mexico's closed primary system only infringes minimally on Mr. Pearlman's First and Fourteenth Amendment

rights, and the requirement that he be a member of the Democratic, Republican or Green party before he may vote in any of the party's primaries is not an undue burden.

Of course, the State may not impose even a slight burden on Mr. Pearlman's fundamental right to vote without an important regulatory interest. *Timmons*, 520 U.S. at 358. Because political parties and their members have a strong constitutional right to associate, the State of New Mexico has an interest in protecting those rights. The state may legitimately allow political parties to close their primaries to nonmembers. *See Ziskis*, 47 F.3d at 1006. While political parties may certainly choose to allow open primaries, *see Tashjian*, 479 U.S. at 229, the state cannot impose an open primary system without violating the associational rights of the parties. The decision is properly left to the political parties or the people themselves.[3]

In sum, this Court has no jurisdiction to review Mr. Pearlman's claim because it lacks subject matter jurisdiction to review what is essentially an appeal from a state court judgment on a civil rights claim. Furthermore, even if this Court had jurisdiction to review Mr. Pearlman's claims, Mr. Pearlman can prove no set of facts supporting his claim that would entitle him to relief.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint for Writ of Mandamus **[Doc. No. 1]** is hereby **DENIED** and the Complaint is **DISMISSED** with prejudice**.**

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

---

[3]The court in *California Democratic Party* held that a state referendum creating a blanket primary system did not unconstitutionally burden the associational rights of the political parties.

Plaintiff, *pro se*
  Daniel J. Pearlman